UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| GEORGE HARP, | ) | Civ. 11-4149-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER GRANTING LEAVE TO |
| | ) | PROCEED IN FORMA PAUPERIS |
| MIKE DURFEE STATE PRISON; | ) | AND DENYING MOTION TO |
| SOUTH DAKOTA STATE PRISON; | ) | APPOINT COUNSEL AS |
| SOUTH DAKOTA DEPT. OF CORR., | ) | PREMATURE |
| (D.O.C.), Superintendent, individual | ) | |
| and official capacity; | ) | |
| SOUTH DAKOTA PRISON MED. | ) | |
| DEPT.; | ) | |
| DOOLEY, Warden, Individual and | ) | |
| Official Capacity; | ) | |
| DR. WILINGA, Individual and official | ) | |
| capacity; | ) | |
| WEBBER, Warden So. Dak. St. Pr.; | ) | |
| and DR. REGERE; | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, George Harp, is incarcerated at the South Dakota State

Penitentiary. Harp filed a pro se civil rights lawsuit against defendants in

which he argues they subjected him to cruel and unusual conditions in

violation of the Eighth Amendment. Harp moves for leave to proceed in forma

pauperis in his civil rights lawsuit against defendants. Harp also moves for

the appointment of counsel.

The Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915, requires

prisoners to make an initial partial filing payment where possible, even if in

forma pauperis status is sought. When an inmate seeks in forma pauperis

status, the only issue is whether the inmate pays the entire fee at the

initiation of the proceedings or over a period of time under an installment

plan. *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (internal

citations omitted). Determination of the partial filing fee is calculated

according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent

of the greater of:

> (A)    the average monthly deposits to the prisoner's account; or
> (B)    the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Harp has indicated the average of the monthly deposits to his account is $15,

and the average monthly balance of his account is $75.06. Harp must make

an initial partial filing fee of $15.01, which is 20 percent of $75.06.

Accordingly, Harp is granted in forma pauperis status.

But the inquiry does not end there. The PLRA also requires this court to

"screen" Harp's complaint to determine whether it should be dismissed.

Section 1915 provides an action must be dismissed if the court determines

the claim "(i) is frivolous or malicious; (ii) fails to state a claim on which relief

may be granted; or (iii) seeks monetary relief against a defendant who is

immune from such relief."

2

## STANDARD OF REVIEW

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg by Rosenberg v. Crandell,* 56 F.3d 35, 37 (8th Cir. 1995). Also, "although liberally construed, a pro se complaint must contain specific facts supporting its conclusions." *Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (citations omitted). A plaintiff's complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 1965; *Abdullah v. Minnesota*, No. 06-4142, 2008 WL 283693 (8th Cir. Feb. 4, 2008) (citing *Twombly* and noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory).

It has long been recognized that "civil rights pleadings should be construed liberally." *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995). The complaint, however, must at the very least contain facts that state a claim as a matter of law and must not be conclusory. *Id.* Broad and

conclusory statements unsupported by factual allegations are not sufficient. *Ellingburg v. King*, 490 F.2d 1270 (8th Cir. 1974). Finally, although pro se complaints are to be construed liberally, "they must still allege facts sufficient to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The court is not required to supply additional facts for a pro se plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. *Id.* To state a claim for relief under § 1983, a plaintiff must allege sufficient facts to show (1) that the defendants acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (internal citations omitted).

## DISCUSSION

Although nearly illegible, Harp's complaint appears to allege that the conditions he was subjected to violated the Eighth Amendment's prohibition of cruel and unusual punishment and that he was denied medical treatment in violation of the Eighth Amendment. Although Harp is currently incarcerated at the South Dakota State Penitentiary in Sioux Falls, South Dakota, he was previously incarcerated at Mike Durfee State Prison in Springfield, South Dakota. Some of his claims pertain to his time at Mike Durfee State Prison.

It is well established that deliberate indifference to a prisoner's serious medical needs is prohibited by the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "A prisoner's Eighth Amendment rights are violated if prison officials show 'deliberate indifference' to the prisoner's 'serious medical needs.' " *Olson v. Bloomberg*, 339 F.3d 730, 735 (8th Cir. 2003) (quoting *Estelle*, 429 U.S. at 106). The Eighth Circuit has interpreted this standard to mean that a plaintiff must demonstrate: "(1) that he suffered from objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000). "A serious medical need is one that has been diagnosed by a physician as requiring treatment or one that is so obvious even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). "Deliberate indifference may be manifested by prison doctors in responding to the prisoner's needs or by prison officials in intentionally denying or delaying access to medical care or intentionally interfering with prescribed treatment." *Meloy v. Bachmeier*, 302 F.3d 845, 849 (8th Cir. 2002).

Harp alleges that prison officials and doctors have denied him medication he was prescribed on several occasions. "Dr. Wilinga at Mike Durfee State Prison refused me necessary medications; stated I needed medication but DOC Policy prohibited him from ordering it for me." *Id.* at 5,

¶ 3. Harp also claims he was refused prescribed medications while incarcerated at the South Dakota State Penitentiary in Sioux Falls, South Dakota. "Unit Mgr D.t. Munson at SDSP Sioux Falls refused me diabetic [illegible] ordered by doctors saying, 'They cost too much.' " Harp also claims that "Dr. Regere at SDSP Sioux Falls refused me prescribed medication by Sanford Hospital and Avera [illegible]. Drs say no DOC policy for [illegible] inmate's pain med." *Id.*

Assuming that these allegations are true, Harp has pleaded sufficient facts to survive initial review under 28 U.S.C. § 1915. Harp asserts that he has been prescribed medication that prison officials and doctors refused to provide, which would qualify as a serious medical need because his condition "has been diagnosed by a physician as requiring treatment." *Coleman*, 114 F.3d at 784. Thus, Harp's medical treatment claims survive initial review under § 1915.[1]

---

[1] Harp alleges he tried to exhaust administrative remedies, but he was "refused process" and that he "tried but stimmied at all requests." Docket 7 at 5, ¶ 5. Thus, it is not clear to the court whether Harp utilized the administrative remedy process at Mike Durfee State Prison and the South Dakota State Penitentiary. For certain of his claims, Harp wrote that he did not exhaust his administrative remedies because the "same people handle remedy that do accused acts." Docket 7 at 6, ¶ 5. Thus, certain claims may be subject to dismissal pursuant to 42 U.S.C. § 1997e(a). But because of the difficulty in reading Harp's handwritten pleadings, it is unclear and dismissal at this time is inappropriate.

Harp's next claim alleges that he was subject to prison conditions violative of the Eighth Amendment. Harp's first claim is that "Mike Durfee Warden allowed officers to assault and threaten [him]." Docket 7 at 4, ¶ 3.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment. U.S. Const. amend. VII. "The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Prison official must provide humane conditions of confinement, including protecting inmates from violence. *See Jensen v. Clarke*, 94 F.3d 1191, 1197 (8th Cir. 1996). Inflictions of pain without penological justification "constitute cruel and unusual punishment forbidden by the Eighth Amendment." *Hope v. Pelzer*, 536 U.S. 730, 737 (2002). "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offense against society.' " *Farmer*, 511 U.S. at 834 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

A violation of the Eighth Amendment based on a failure to protect has two parts. First, the conditions that result from the failure to protect the inmate must pose a substantial risk of serious harm to the inmates. *Farmer*, 511 U.S. at 834. "This objective requirement ensures that the deprivation is sufficiently serious to amount to a deprivation of constitutional dimension." *Jensen*, 94 F.3d at 1197. Second, the subject prison official must have

exhibited a sufficiently culpable state of mind, that is, the prison official must have been deliberately indifferent to a substantial risk of serious harm to the inmates. *See Farmer*, 511 U.S. at 834. "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Harp alleges that the Warden knowingly permitted correctional officers to threaten and assault him. His claim is sufficiently pleaded to survive review under § 1915.

Harp next asserts that he was kept in the "hard cell naked with no food or water for 48 hours on 30 occasions" and that "being paralyzed was unable to obtain food, water, or medication." Docket 7 at 5, ¶ 3. Harp does not specify at which facility this treatment occurred. But Harp concedes he failed to exhaust administrative remedies with respect to this claim because he was "scared of retaliation same office [illegible] handle appeals." Docket 7at 5, ¶ 5. Thus, this claim is subject to dismissal pursuant to 42 U.S.C. § 1997(e), which requires a prisoner to exhaust available administrative remedies before bringing a § 1983 action challenging prison conditions. *See Porter v. Nussle*,

534 U.S. 516 (2002) (holding that exhaustion is mandatory). Accordingly, this claim is dismissed.

Harp also moves for the appointment of counsel to represent him. As the factual record is insufficiently developed to analyze whether the appointment of counsel will benefit both Harp and the court, his motion is denied as premature. Harp also moves for the prison to release his petition and prisoner trust account information so he can file them with the court before the January 8, 2012, deadline. Because the requisite information has been provided, Harp's motion is denied as moot. Therefore, it is

ORDERED that Harp's motion to proceed in forma pauperis (Docket 8) is granted. **Harp will make an initial partial filing fee of $15.01 before February 21, 2012,** made payable to the Clerk, U.S. District Court.

IT IS FURTHER ORDERED that Harp's motion to appoint counsel (Docket 4) is denied as premature, and Harp's motion ordering the release of his petition (Docket 6) is denied as moot.

IT IS FURTHER ORDERED that the institution having custody of the plaintiff is hereby directed that whenever the amount in plaintiff's trust account exceeds $10, monthly payments that equal 20 percent of the funds credited to the account the preceding month will be forwarded to the United States District Court Clerk's office pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee of $350 is paid in full.

IT IS FURTHER ORDERED that the Clerk will cause service of the complaint, summons, and this order upon defendants. All costs of service will be advanced by the United States.

IT IS FURTHER ORDERED that defendants will serve and file an answer or responsive pleading to the complaint on or before 21 days following the date of the service.

IT IS FURTHER ORDERED that plaintiff will serve upon defendants, or, if appearance has been entered by counsel, upon their attorney, a copy of every further pleading or other document submitted for consideration by the court. He shall include with the original paper to be filed with the Clerk of Court a certificate stating the date and that a true and correct copy of any document was mailed to defendant or its counsel.

Dated January 20, 2012.

BY THE COURT:


/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE