FILED
MAR 1 2 2012

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

GEORGE HARP,
    Plaintiff Pro Se,

V.

MIKE DURFEE STATE PRISON;
SOUTH DAKOTA STATE PRISON;
SOUTH DAKOTA DEPARTMENT OF
CORRECTIONS (DOC); Superintendent,
individually and in their official
capacity;
SOUTH DAKOTA PRISON MEDICAL DEPT.;
(?) DOOLEY, Warden, Individually
and in his official capacity;
DR. (?) WILINGA, Individually
and in his official capacity;
DOUGLAS WEBER, Warden of the South
Dakota State Prison, Individually
and in his official capacity;
DR. EUGENE REIGER, Individually
and in his official capacity as
a contract medical provider for
the S.D.S.P.  All other individuals
described in this action but not
named.

CIV. 11-4149-KES

PLAINTIFF'S REPLY TO
DEFENDANT'S ANSWER.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

    Plaintiff, George Harp, appearing pro se, in the above numbered and entitled action enters his reply to Defendant's Answer to Complaint received by Plaintiff on 2-27-12.

1. Plaintiff stated that Defendants are persons for purposes of 42 USC 1983, that at all times relevant to this complaint were employed by the State and thereby acted under color of state whether acting in their official or individual capacity, and Defendants violated Plaintiff's constitutional rights as guaranteed under the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment to the United States Constitution. The U.S. Supreme Court held that Tort Law is to be the basis of the law of damages under 42 USC 1983. See Smith v. Wade, 461 U.S. 30. 34 (1983);

-1-

Carey v. Piphus, 435 U.S. 247, 257-58 (1978).

Historically, tort law divides damages into six categories:

1) injury to property;

2) physical indury;

3) mental injuries;

4) injury to family relations;

5) injury to personal liberty; and

6) injury to reputation.

Defendants have, through their acts and omissions, in both their individual and official capacity, have caused physical injury by:

1. Creating policy and procedure that denies Plaintiff proper medical attention; Defendant told Plaintiff stating that Plaintiff did need certain medication (Plaintiff's medical records unavailable per DOC policy) but DOC Policy prohibits Defendant Wilinga from ordering the medication;

   At the South Dakota State Penitentiary, Defendant Reiger (Dr. Reiger) refused to allow Plaintiff to receive medication prescribed to him at Sanford Hospital and Avera McKennan - DOC policy does not allow medication to be prescribed for inmate pain without preapproval by Defendant Weber;

   As a Respondent Superior, the DOC Superintendent (Secretary of Corrections) acting in his individual and official capacity, created policy that requires medical doctors to obtain approval for the care and treatment of inmates with serious medical problems to a political appointee, in this case, Defendant Weber of the South Dakota Department of Corrections, Director of Prison Operations and Chief Warden of the South Dakota State Penitentiary; the only qualification for Defendant Weber's position is that he have a G.E.D. or be a high school graduate. Since Defendant Weber has a G.E.D., the Medical Doctors and Personnel

contracted by the DOC must consult with and get permission from him to establish what medication and treatment they, as doctors and medical professionals, can provide for a patient;

2. Defendant Robert Dooley, in his official capacity and acting as an individual, denied Defendant Wilinga permission to prescribe medicine to Plaintiff. Further, when Plaintiff was assaulted by prison staff, Defendant Dooley did nothing to investigate or prevent the reoccurance of the assaults and threats. All DOC Policy and Institutional Operations Memorandum that set forth standards of conduct for SDSP and Mike Durfee staff members are, in actuality, merely suggestions in that they are constructed in permissive, vague, and overbroad language. Raising the failure by Defendants to oversee the employees that are under their supervision (i.e., the Secretary of Corrections, Defendant Weber and Robert Dooley.).

Keith Ditmanson, D-Unit Manager in the Jameson Annex, told Plaintiff that diabetic socks, which were prescribed to him by medical, cost too much and would not be ordered pursuant to a DOC Memo on "comfort items" that was approved by Defendant Weber;

3. Defendant Dr. Reiger denied Plaintiff medication that was prescribed by a prominent physician and by physicians at Avera McKennan and Sanford Hospitals. Defendant Reiger is prescribing a medication that is for a medical condition Plaintiff does not suffer from in this instance. The medication in question affects Plaintiff's rationality, clarity and reason. Proper medication is required. Improper medication makes it difficult, or impossible, to function or to provide clear and meaningful pleadings to the Court;

4. Defendant, Dr. Melvin Walinga, denied needed medical attention to Plaintiff by refusing to order needed medication. The DOC Policy used to refuse this medication, whether oral or written, violates the Eighth Amendment to the United States Constitution as well as SDCL 24-2-12;

Plaintiff is 77 years old and undeniable ill-health by any standard. Plaintiff has survived a stroke and is confined to a wheelchair. The damage caused by the acts and omissions of the Defendants are substantial in light of his age and physical condition. In addition to having suffered a stroke, the effects of the actions taken, or not taken, by Defendants have heightened what would be considered minor injury. At the age of seventy-seven, Plaintiff is not as durable as he once was;

The DOC Policies and Procedures created by Defendants Secretary of Corrections, Warden Douglas Weber and Warden Robert Dooley, have denied Plaintiff proper medical care and caused physical injury. There is a clear violation of the 8th and 14th Amendments of the United States Constitution by all Defendants acts and omissions.

2. Prisoner should be allowed opportunity to offer proof unless it appears beyond doubt that prisoner can prove no facts to support his claim. Haines v. Kerner, 404 U.S. 519, 520-21 92 S.Ct. 594, 595-96, 30 L.Ed2d 652, 654 (1972);

3. Verizon Maryland Inc. v. Public Serv. Comm'n. of Maryland, 535 U.S. 635, 645, 122 S.Ct. 1753, 1760, 152 L.Ed2d 871, 882 (2002), permitting plaintiff to seek injunctive relief against state commissioners sued in their official capacity. Kentucky v. Graham, 473 U.S. 159, 167 n.14, 103 S.Ct. 3099 n.14, 3106 n.14, 87 L.Ed.2d 114, 122 n.14 (1985), official capacity actions for prospective (injunctive) relief are not treated as actions against the state. See also, Ex Parte Young, 209 U.S. 123, 155-56, 28 S.Ct. 441, 452, 52 L.Ed.2d 714 (1908);

4.  A Defendant in a supervisory position may be liable if a staff member violates a plaintiff's constitutional rights as a result of that supervisor's mismanagement of subordinates. This type of liability arises when the supervisor (1) knew of a subordinate's past misconduct and failed to take action to remedy it. Estate of Davis by Ostenfeld v. Delo, 115 F3d. 1388, 1396 (8th Cir. 1997), affirming finding that superintendent of prison was liable for guard's use of excessive force where superintendent knew of guard's propensity for excessive force and failed to take steps to investigate and correct the problem; (2) failed to set up policies that help guide subordinates' conduct so that violations of constitutional law do not occur. Roland v. Johnson, 856 F2d 764, 770 (6th Cir. 1988); (3) failed to inform staff of and train them on policies designed to avoid constitutional deprivations. Gilbert v. Selsky, 867 F.Supp. 159, 166 (S.D.N.Y. 1994), finding that Director of Inmate Discipline may be liable for failing to train disciplinary hearing officers who violated prisoner's rights at disciplinary hearing; (4) failed to properly supervise staff to ensure that they adhere to policies. Taylor v. Mich. Dept. of Corr., 69 F3d 76, 80-81 (6th Cir. 1995), noting Warden's failre to ensure that staff properly carried out transfer policy may create supervisory liability.
Defendant's complete failure to train, or training that is so reckless or grossly negligent that future misconduct is almost inevitable amounts to deliberate indifference. McDaniels v. McKenna, No. 03-1231, 96 Fed. Appx. 575, 2004 U.S. App. LEXIS 8262*8 (10th Cir. Apr. 27, 2004)(unpublished) (quoting Meade v. Grubbs, 841 F2d 1512, 1528 (10th Cir. 1988).
The policy need not be written, but instead may be informal, amounting to a custom. Leach v. Shelby County Sheriff, 891 F2d 1241, 1246 (6th Cir.1989), sheriff may be liable for unwritten policy of deliberate indifference to detainee's serious medical needs.
To hold a supervisor liable in any of the above situations you must show

-5-

that the supervisor acted with "deliberate indifference." Green v. Branson, 108 F3d 1296, 1302 (10th Cir. 1997), liability of a supervisor under 1983 must be predicated on the supervisor's deliberate indifference, rather than mere negligence.

5. Defendant's were acting as individuals at all times material to this action. The affirmative defense of qualified immunity does not bar an action for injuctive or declaratory relief;

6. For reasons stated above, the Eleventh Amendment Immunity does not apply. State law cannot authorize Defendant's to ignore the Constitutional Rights of its citizens by denying review for injunctive relief;

7. Plaintiff exhausted all available Administrative Remedies;

8. The State cannot grant statutory immunity to Defendants to prohibit review of violations of Constitutional Rights for purpose of injunctive and declatory relief;

9. Plaintiff has exhausted available administrative remedies, 1997(e) is not jurisdictional. See, Richardson v. Goord, 347 F3d 431, 433-434 (2nd Cir. 2003)(per curiam); Al. v. District of Columbia, 278 F3d 1, 3 (D.C.Cir. 2002), and cases cited; Rumbles v. Hill, 182 F3d 1064, 1067 (9th Cir. 1999) cert. denied, 528 U.S. 1074 (2000). See also, Wright v. Morris, 111 F3d 414, 421 (6th Cir. 1997); if a provision of a statute is "jurisdictional," a court is not allowed to hear a claim brought by a claimant who has not satisfied that provision; if a provision is not jurisdictional, a court may, if it has a good enough reason, hear the claim;

10. The Defendants are being sued in both their Official Capacity and their Individual Capacity; the claims in their official capacity are for injunctive and declaratory relief and any financial liability is addressed in Defendant's Individual Capacity.

CONCLUSION

For the above stated reasons, the Court should 1) appoint counsel; 2) allow discovery; 3) conduct a scheduling hearing; and 4) set the time and date for a jury trial on all issues.

Dated this 7th day of March, 2012.

Respectfully Submitted,

*George Harp*
George Harp - #54099
South Dakota State Penitentiary
P.O. Box 5911
Sioux Falls, SD 57117-5911

I, George Harp, state the Reply filed herein is true and correct to the best of my knowledge.

Sworn under penalty of perjury.

Sworn and subscribed to before me this 7th day of March, 2012.

*Jeannie Peterson* Jeannie Peterson
Notary Public

My commission expires: December 3rd, 2015.

[Seal: JEANNIE PETERSON NOTARY PUBLIC SOUTH DAKOTA]

AFFIDAVIT OF SERVICE

George Harp, Petitioner, geing first duly sworn on oath, deposes and states that he served a true and correct copy of this Plaintiff's Reply to Defendant's Answer (together with any attachments thereto) upon Respondent, by causing same to be mailed by first class mail, postage prepaid, to the following attorney for the Respondent, on the 7th day of March, 2012, addressed as follows: Attorney General, 1302 E. HWY. 14, #1, Pierre, SD 57501.

_____
George Harp
Petitioner

Subscribed and sworn to before me this 7th day of March, 2012.

_____ Jeannie Peterson
Notary Public

My commission expires: December 3rd 2015.

JEANNIE PETERSON
NOTARY PUBLIC
SOUTH DAKOTA
SEAL