UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



FILED

MAY 0 2 2012

GEORGE E. HARP

    Plaintiff (Pro Se)          CIV NO. 11-4149   KES

vs

DOUGLAS WEBER

    E.T.A.L.                     MOTION TO PRESENT MOTION
FOR A TEMPORARY RESTRAINING
    Defendants               ORDER AS A CHALLENGE TO
CONDITIONS OF CONFINEMENT
UNDER 42 U.S.C. Section 1983

      COMES NOW plaintiff George E. Harp appearing pro se before this Court, and respectfully moves this Court to treat the attached motion for temporary restraining order and preliminary injunction as a challenge to plaintiff's conditions of confinement.
Muhammad v Close, 540 U.S. 749, 750, 124 S.Ct. 1256 (2004) (per curiam) "Challenges to the validity of any confinement or to particulars affecting it's duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a Section 1983 action."; Accord, Nelson v Campbell, 541 U.S. 637, 643, 124 S.Ct. 2117 (2004) stating that "constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of the core [of habeas corpus] and may be brought pursuant to Section 1983 in the first instance."

1.

In the case at hand plaintiff challenges the administrative procedures adopted by the State Prison whether through the Policy of the D.O.C. or Memorandum adopted by defendant Weber. The agents, employees, or subordinates of defendant unlawfully and unconstitutionally ordered two 10 year sentences to be served consecutively, when the Trial Court did not. (See Judgement and Sentence attached.)

Plaintiff exhausted all available Administrative Remedies. (See attached.)

This unlawful act falls outside of that core of habeas corpus, in that interpretation of a Judgement and Conviction is a S.D.S.P. administrative act. This determination is a condition of confinement.

Courts have generally held that you cannot challenge conditions of confinement by writ of federal habeas corpus. Muhammad v Close, 540 U.S. at 751 n.1 noting Supreme Court has never followed prior "speculation" that habeas could be used to remedy "additional and unconstitutional restraint" in prison; Glaus v Anderson, 408 F3d 382, 386-88 (7th Cir. 2005); Rael v williams, 223 F.3d 1153, 1154 (10th Cir. 2000).
Incorrectly computing plaintiff's mandatory parole date and sentence based on an unlawful change in the Judgement and Sentence creates an unlawful, additional and unconstitutional restraint in this case.

In particular, plaintiff cannot as a matter of law obtain release from confinement via habeas corpus on the grounds of unconstitutional treatment in prison. The proper remedy is a suit to challenge the conditions of confinement. Glaus v Anderson, 408 F.3d 382, 387 (7th Cir. 2005) and cases cited; Fielding v LeFarve, 548 F.2d 1102, 1108-09 (2d Cir. 1977)

2.

CONCLUSION

For the above stated reasons this Court should treat defendant's unlawful and unconstitutional acts, as being part of the conditions of plaintiff's confinement and order defendants to show cause that Count 1 and Count 5 on the Judgement and Sentence are not to be served concurrently and to be suspended as per condition of suspension set forth by the Trial Court in Count 1.

Respectfully Submitted,

*George E. Harp* (signature)
George E. Harp

3.