UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



GEORGE E. HARP

    Plaintiff (Pro Se)　　　　　　　　　　Civ No. 11-4149   KES

vs

DOUGLAS WEBER　　　　　　　　　　　　　　　MEMORANDUM OF LAW

    E.T.A.L.　　　　　　　　　　　　　　　IN SUPPORT OF PLAINTIFF'S

    Defendants　　　　　　　　　　　　　MOTION OF FOR A T.R.O.

STATEMENT OF THE CASE

    This is a civil rights action brought pursuant to and in accordance with 42 U.S.C. Section 1983 by a state prisoner who is a 77 year old stroke survivor that is confined to a wheelchair and suffers from diabetes, high blood pressure and has a heart condition among other serious medical problems.

The plaintiff seeks a temporary restraining order and a preliminary injunction to ensure that defendant Weber see that his subordinates calculate plaintiff's sentence in accordance with the Judgement and Sentence entered by the Trial Court and applicable law.

STATEMENT OF FACTS

    As stated in the declaration submitted with this motion, the plaintiff's sentence was changed by defendant Wber's subordinates. Someone in Inmate Records of the S.D.S.P. in essence ran two 10 year sentences consecutive when the Trial Court had not.

This act increased the plaintiff's sentence by 10 years and made the other 10 year sentence to be served without the condition placed on the first 10 year sentence which was that it be suspended. This increased plaintiff's time to mandatory parole release by 5 years.

On 3/29/12 plaintiff filed for Administrative Remedy (copy attached as well as answer) defendant Weber denied the request for Administrative Remedy.

Plaintiff attempted to get copies of these documents and was refused by S.D.S.P. staff.

Pursuant to D.O.C. Policy these issues are not appalable.

Plaintiff mailed a letter to his Court Appointed Attorney on 3/28/12 about the sentence change by the S.D.S.P. and ask that this change of sentence by the D.O.C. be added to the habeas corpus pending in the case plaintiff is being held on. Plaintiff has had no reply from his attorney.

ARGUMENT

PLAINTIFF IS ENTITLED TO A TEMPORARY RESTRAINING
ORDER AND A PRELIMINARY INJUNCTION

In determining whether a party is entitled to a temporary restraining order or a preliminary injunction, courts generally consider several factors: whether the party will suffer irreparable injury, the "balance of hardships" between the parties, the likelihood of success on the merits, and the public interest. Each of these factors favors the grant of this motion.

A.  Plaintiff is Threatened With Irreparable Harm.

The plaintiff alleges that he had been denied care for a serious medical need contrary to a physician's instructions. Such conduct by prison officials is a clear violation of the Eighth Amendment, Estelle v Gamble, 429 U.S. 97, 105, 97 S.Ct. 285 (1976). (Noting that intentionally interfering with the treatment once prescribed is a form of unlawful deliberate indifference.)

As a matter of law, the continuing deprivation of constitutional rights constitutes irreparable harm. Elrod v Burns, 427 U.S. 347, 373, 96 S.Ct. 2673 (1976); American Trucking Association, Inc. v city of Los Angeles, 559 F.3d 1046, 1058-59 (9th Cir. 2009). The principle has been applied in prison litigation generally, see Jolly v Coughlin, 96 F.3d 468, 482 (2d Cir. 1996); Newsom v Norris, 888 F.2d 371, 378 (6th Cir 1989); Mitchell v Cuomo, 748 F.2d 804, 806 (2d Cir. 1984); McClendon v City of Albuquerque, 272 F. Supp. 2d 1250, 1259 (D.N.M. 2003); and specifically in prison medical care cases. Phillips v Michigan Dep't of Corrections, 731 F.Supp 792, 801 ( W.D. Mich. 1990), aff'd, 932 F.3d 969 (6th Cir. 1991).

In addition, the plaintiff is threatened with irreparable harm because of his age and serious physical conditions, the unlawful acts by the defendants, their subordinates, agents, employees and vassals in increasing plaintiff's sentence in violation of the Due Process Clause of the 14th Amendment, creates stress and emotional damage that enhances the damage already inflicted.

B.  The Balance of Hardships Favors the Plaintiff.

In deciding whether to grant TRO's and preliminary injunctions,

Courts ask whether the suffering of the moving party if the motion is denied will outweigh the suffering of the non-moving party if the motion is granted. See e.q. <u>Mitchell v Cuomo</u>, 748 F.2d 804, 808 (2d Cir. 1984) (holding that dangers posed by prison crowding outweighed state's financial and administrative concerns.); <u>Duran v Anaya</u>, 642 F. Supp. 510, 527 (D.N.M. 1986) (holding that prisoners' interest in safety and medical care outweighed state's interest in saving money by cutting staff).

In this case the suffering plaintiff is presently suffering and his potential suffering amounts to permanent physical and mental injury and a high possibility of death, these permanent injuries are enormous. The "sufferings" the defendants will experience if the Court grants the order will consist of recalculating plaintiff's sentence pursuant to the plain language of the Judgement and Sentence in CR 49C09002225A0 Filed 7/28/10 and applying the proper legal standards to the sentence, something that defendants are obligated to do for members of the prison population. Defendants' hardship amounts to no more than business as usual.

C. The Plaintiff is likely to succeed on the merits. What defendants have done - "intentionally interfering with [medical] treatment once prescribed" - was specifically singled out by the Supreme Court as an example of unconstitutional "deliberate indifference" to prisoners' medical needs. <u>Estelle v Gamble</u>, 429 U.S. 97, 105, 97 S.Ct. 285 (1976). Many other courts have held that the failure to carry out physicians' orders is unconstitutional. See e.q., <u>Johnson v Wright</u>, 412 F.3d 398, 406 (2d Cir. 2005) (denial of Rebetron therapy for Hepatitis C contrary to the recommendations of all the plain-

4.

tiff's treating physicians); Lawson v Dallas County, 286 F.3d 257, 263 (5th Cir. 2002) (disregard for follow-up care instructions for paraplegic); Lopez v Smith, 203 F.3d 1122, 1132 (9th Cir. 2000) (en banc) (failure to provide prescribed liquid diet for prisoner with a broken jaw, and substitution for a pureed diet that could not be drunk through a straw, stated claim of interference with prescribed treatment.); Koehl v Dalscheim, 85 F.3d 86, 88 (2d Cir. 1996) (denial of prescription eyeglasses sufficiently alleged deliberate indifference); Erickson v Holloway, 77 f.3d 1078, 1080-81 (8th Cir. 1996) (officer's refusal of emergency room doctor's request to admit the prisoner and take X-rays); Aswegon v Bruhl, 965 F.2d 676, 677-80 (8th Cir. 1992) (failure to honor doctors' orders and refrain from cuffing the prisoner's hands behind his back); Bocetti v Wiscomb, 930 F.2d 1150, 1156 (6th Cir. 1991) (nurse's failure to perform prescribed dressing change).

D. The Relief Sought Will Serve the Public Interest.

In this case, the grant of relief will serve the public interest because it is always in the public interest for prison officials to obey the law, especially the Constitution. Phelps-Roper v Nixon, 545 F.3d 685, 690 (8th Cir. 2008); Duran v Anaya, 642 F.Supp. 510, 527 (D.N.M. 1986) ("Respect for law, particularly by officials responsible for the administration of the State's correctional system, is in itself a matter of the highest public interest.); Llewelyn v Oakland County Prosecutors Office, 402 F. Supp. 1379, 1393 E.D. Mich. 1975) (stating "the Constitution is the ultimate expression of the public interest.)

POINT II

THE PLAINTIFF SHOULD NOT BE REQUIRED

TO POST SECURITY

Usually a litigant who obtains interim injunctive relief is asked to post security. Rule 65 (c), Fed. R.Civ.P.. However, the plaintiff is indigent, a prisoner and is unable to post security. The Court has discretion to excuse an impoverished litigant from posting security. <u>Elliot v Kiesewetter</u>, 98 F.3d 47, 60 (3rd Cir. 1996) (stating that district courts have discretion to waive the bond reqirement contained in Rule 65 (c) of the Federal Rules of Civil Procedure if "the balance of [ ] equities weighs overwhelmingly in favor of the party seeking the injunction"); <u>Moltau Co. v Eagle - Pitcher Industries, Inc.</u>, 55 F.3d 1171, 1176 (6th Cir. 1995).

In view of the serious medical danger confronting the plaintiff, due to defendant's unlawful actions in unlawfully increasing the plaintiff's sentence by 10 years, the Court should grant the relief requested without requiring the posting of security.

CONCLUSION

For the foregoing reasons, the Court should grant the motion in it's entirety.

Respectfully Submitted,

*George E. Harp*
George E. Harp

Sworn and subscribed to before me this 30 day of April 2012.
My Commission Expires 03 NOV 2017

ROBERT MASON
NOTARY PUBLIC
SOUTH DAKOTA

6.