UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| GEORGE HARP,<br><br>    Plaintiff,<br><br>v.<br><br>MIKE DURFEE STATE PRISON;<br>SOUTH DAKOTA STATE PRISON;<br>SOUTH DAKOTA DEPARTMENT OF<br>CORRECTIONS, (D.O.C.),<br>Superintendent, individual and<br>official capacity; SOUTH DAKOTA<br>PRISON MED.<br>DEPARTMENT,ROBERT DOOLEY,<br>Warden, Mike Durfee State Prison;<br>DR. EUGENE REIGIER, South<br>Dakota Department of Health; DR.<br>MELVIN WALLINGA, South Dakota<br>Department of Health; and<br>DOUGLAS WEBER, Warden, South<br>Dakota State Prison,<br><br>    Respondents. | Civ. No. 11-4149<br><br>MEMORANDUM IN OPPOSITION TO<br>PLAINTIFF'S MOTION FOR<br>TEMPORARY RESTRAINING ORDER |

This is a civil rights action filed by inmate George Harp alleging deliberate indifference to serious medical needs and failure to protect. (Docs. 1, 7). Defendants have answered and raised all immunity defenses. (Docs. 18, 23). On May 2, 2012, inmate Harp filed a Motion for a Temporary Restraining Order and a Preliminary Injunction alleging that his parole eligibility date was improperly calculated. (Docs. 30, 31).

**ARGUMENT**

Harp's motion should be denied because: 1) the motion does not pertain to the underlying complaint and; 2) Harp has failed to exhaust administrative remedies.[1]

1.  *Harp's Motion for Temporary Restraining Order Should Be Denied Because It Is Not Related to the Underlying Complaint.*

A plaintiff seeking injunctive relief "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). Therefore, a motion for preliminary injunctive relief should be denied when the motion is "based on new assertions. . .that are entirely different from the claim raised and the relief requested in the complaint." *Id.* In *Devose*, the Eighth Circuit affirmed denial of a request for preliminary injunction where the requested relief relating to retaliatory conduct had nothing to do with the underlying § 1983 claim of inadequate medical treatment. *Id.*

Harp's original Complaint alleges deliberate indifference to serious medical needs and failure to protect. (Docs. 1, 7). Harp's Motion for a Temporary Restraining Order and Preliminary Injunction alleges that his parole date has been miscalculated. (Docs. 30, 31). Whether Harp's parole date has been miscalculated is clearly not relevant to the original allegations. Therefore, injunctive relief is improper and his motion should be denied.

---

[1] Because these two arguments suffice to deny Harp's motion, Defendant's do not analyze the "*Dataphase*" factors or get into a discussion of whether this claim would be more appropriately brought in a habeas action.

2.  *Harp's Motion for Temporary Restraining Order Should Be Denied Because He Has Failed to Exhaust Available Administrative Remedies.*

Even if Harp's request for injunctive relief were related to the underlying complaint (or if it had been brought as the original complaint), it should still be denied because he did not exhaust his administrative remedies. "No action shall be brought with respect to prison conditions under section 1983...by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This "exhaustion requirement applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 992 (2002).

Harp's motion challenges the computation of his parole eligibility date. The available remedy for a challenge to the computation of a parole eligibility date is to seek review by the Board of Pardons and Parole. SDCL 24-15-3; SDCL 24-15A-33. Thus, to exhaust available remedies, as required by 42 U.S.C. § 1997e(a), Harp must seek review of his parole eligibility date by the Board of Pardons and Paroles.

Harp filed a request for administrative remedy on March 29, 2012, and received a response from Warden Weber confirming that his parole eligibility date was calculated correctly on April 13, 2012. (Doc. 31). However, Harp did not seek review of his parole eligibility date by the Board of Pardons and Paroles. (Ligtenberg Aff., ¶ 4). To seek a proper review of his parole eligibility date, and to begin exhausting his administrative remedies, Harp must follow the procedures set forth in the policy for parole date review. (Ligtenberg Aff., ¶ 3, Ex. A). Because Harp has not sought review by the Board of Pardons and

Paroles, he has failed to exhaust his available administrative remedies. Therefore, his motion should be denied.

## CONCLUSION

Harp's Motion for Temporary Restraining Order regarding the computation of his parole eligibility date is not relevant to his underlying complaint. In addition, Harp has failed to exhaust available administrative remedies because he did not seek review of his parole eligibility date by the Board of Pardons and Paroles. For both of these reasons, the Defendants respectfully request that Harp's motion be denied.

Dated this 21st of May, 2012.

                                    Respectfully submitted,

                                    MARTY J. JACKLEY
                                  ATTORNEY GENERAL

                                  /s/ *Matt Roby*
                                  Matt Roby
                                  Assistant Attorney General
                                  1302 E. Hwy. 14, Suite 1
                                  Pierre, SD  57501
                                  Telephone: (605) 773-3215
                                  E-mail: Matt.Roby@state.sd.us

PLD  MTR Harp 1983 Action - Response to Harp's Motion for a TRO (cld)

## CERTIFICATE OF SERVICE

The undersigned certifies that true and correct copies of the State's Memorandum in Opposition to Plaintiff's Motion for Temporary Restraining Order and Affidavit of Ed Ligtenberg Re Motion for Temporary Restraining Order filed in the above-entitled matter were served by United States mail, first class, postage prepaid, upon George Harp, South Dakota State Penitentiary, P.O. Box 5911 Sioux Falls, SD 57117, on this 21st day of May, 2012.

/s/ *Matt Roby*
Matt Roby
Assistant Attorney General