UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| GEORGE HARP, | ) | Civ. 11-4149-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER GRANTING IN PART AND |
| | ) | DENYING IN PART MOTION FOR |
| MIKE DURFEE STATE PRISON; | ) | LEAVE TO AMEND COMPLAINT, |
| SOUTH DAKOTA STATE PRISON; | ) | DENYING MOTION FOR COURT- |
| SOUTH DAKOTA DEPT. OF CORR. | ) | APPOINTED COUNSEL, AND |
| (D.O.C.), Superintendent, individual | ) | DENYING MOTION FOR |
| and official capacity; | ) | TEMPORARY RESTRAINING |
| SOUTH DAKOTA PRISON MED. | ) | ORDER |
| DEPT.; | ) | |
| DOOLEY, Warden, Individual and | ) | |
| Official Capacity; | ) | |
| DR. WILINGA, Individual and Official | ) | |
| Capacity; | ) | |
| WEBBER, Warden So. Dak. St. Pr.; | ) | |
| and DR. REGERE; | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, George Harp, filed a pro se civil rights lawsuit alleging that defendants were deliberately indifferent to his medical needs and failed to protect him from assault by correctional officers. Harp now moves for the appointment of counsel and for a temporary restraining order. It also appears that Harp is seeking to amend his complaint to add additional claims and an additional defendant. Defendants oppose these motions.

**DISCUSSION**

I. **Motion to Amend**

Harp moves to amend his complaint to add an access to the courts claim as well as a claim of "harassment and retaliation" and to add Unit Manager Keith Ditmanson as a defendant. Docket 27. Defendants argue that Harp's motion to amend his complaint should be denied because he did not attach a copy of the proposed complaint as required by the local rules. *See* D.S.D. Civ. LR 15.1 ("Any party moving to amend a pleading shall attach a copy of the proposed amended pleading to its motion to amend with the proposed changes highlighted or underlined so they may be easily identified."). Harp claims that the prison law library does not have a copy of the local rules. Docket 32 at 2. Assuming this is true, the court will not deny leave to amend on this basis, but reminds Harp that he is still required to comply with both the local rules and the Federal Rules of Civil Procedure even though he is proceeding pro se.

Defendants do not consent to Harp's proposed amendment, so he may amend his complaint only with leave of the court. Fed. R. Civ. P. 15(a)(2). Leave to amend a complaint is freely given "when justice so requires." Fed. R. Civ. P. 15(a). But the court may "properly deny a party's motion to amend its complaint when such an amendment would unduly prejudice the non-moving party or would be futile." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008). Defendants argue that Harp's proposed amendment to his complaint is futile, so leave to amend should be denied.

Harp asserts that he is being denied access to the courts because access to the law library is insufficient. Harp claims that "Unit Mgr. Keith Ditmanson has cut off the little access to the law library." Docket 27 at 1. Harp asks that he be given access to the law library "a minimum of two hours daily (Sat. And Sun. excluded)." *Id.* Harp alleges that the prison law library contains "only one Federal Law book" and argues that "the state should provide adequate access to all Fed. Reporters." *Id.*

Inmates have a constitutional right of meaningful access to the courts and the legal system. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). "Meaningful access to the courts is the capability to bring 'actions seeking new trials, release from confinement, or vindication of fundamental civil rights.' " *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007) (quoting *Bounds v. Smith*, 430 U.S. 817, 827 (1977)). In order to prevail on an access to the courts claim, an inmate must demonstrate that he sustained an "actual injury" as a result of the challenged policy. *Moore v. Plaster*, 266 F.3d 928, 933 (8th Cir. 2001). "To prove actual injury, a prisoner must demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." *Hartsfield v. Nichols*, 511 F.3d 826, 832 (8th Cir. 2008) (internal quotations and citations omitted). Merely alleging that the law library is inadequate is insufficient to establish actual injury. As the Supreme Court explains:

> Because [precedent] did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law

3

> library or legal assistance program is subpar in some theoretical sense. . . . [T]he inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

*Lewis*, 518 U.S. at 351. Defendants argue that Harp has not shown that a nonfrivolous legal claim has been frustrated or impeded and note that Harp has prepared and filed numerous documents with the court. Harp argues that he "has been and is suffering an injury by being frustrated and impeded, in bringing a non-frivolous claim about his prison sentence as determined by the South Dakota State Penitentiary Administration." Docket 32 at 3. But this allegation is belied by the record in this case. Harp was able to file a motion for a temporary restraining order and a memorandum in support based on his claim that his sentence is being improperly calculated. Thus, he has failed to show actual injury and his access to the courts claim fails.

      Harp also seeks to add a retaliation claim. He alleges that Unit Manager Ditmanson has a "campaign of harassment and retaliation for availing [himself] of the almost non-existent access to the library." Docket 27 at 1. Defendants assert that permitting Harp to amend his complaint to add a retaliation claim would be futile because his retaliation claim fails. Docket 29. Harp also asserts that his sentence is being miscalculated to allow two 10-year

sentences to run consecutively, rather than concurrently, as "a punishment taken in retaliation for plaintiff filing suit." Docket 32 at 4. The court will analyze each of Harp's bases for his retaliation claim.

"A prisoner's Eighth Amendment rights are violated if prison officials 'impose a disciplinary sanction against a prisoner in retaliation for the prisoner's exercise of his constitutional right.' " *Meuir v. Greene Cnty. Jail Employees*, 487 F.3d 1115, 1119 (8th Cir. 2007) (quoting *Goff v. Burton*, 7 F.3d 734, 738 (8th Cir. 1993)). To establish a prima facie case of retaliatory discipline, Harp must show that "(1) [he] exercised a constitutionally protected right; (2) prison officials disciplined [him]; and (3) exercising the right was the motivation for the discipline." *Haynes v. Stephenson*, 588 F.3d 1152, 1155 (8th Cir. 2009). A claim for retaliatory discipline requires an inmate to show that but for a retaliatory motive, the prisoner would not have received the discipline. *Id.* at 1156.[1]

Harp has satisfied the first element of the prima facie case because he exercised a constitutionally protected right by filing a lawsuit and by attempting to exercise his right of access to the courts. *See Lewis v. Jacks*, 486 F.3d 1025, 1029 (8th Cir. 2007) (filing a lawsuit is protected First Amendment activity); *see also Lewis v. Casey*, 518 U.S. at 351 (inmates have right to meaningful access to the courts).

---

[1] Although Harp has not alleged that he was disciplined in retaliation for exercising his constitutional rights, the retaliatory discipline framework is the most applicable to his claims.

The second prong, that the prisoner has been disciplined or in this case injured, is met here as well. In Harp's initial motion, Harp alleges that he has been denied sufficient access to the legal library. In his response to defendants' reply, Harp asserts that his sentence is being miscalculated to allow two 10-year sentences to run consecutively, rather than concurrently, which changes his parole date. Docket 32 at 4. According to Harp, this miscalculation is "a punishment taken in retaliation for plaintiff filing suit." *Id.*

The third prong requires Harp to show that but for exercising his constitutional rights, prison officials would not have taken these actions. Harp has not made such a showing. Harp's first basis for a retaliation asserts that he was denied access to the courts because he filed a lawsuit. It appears that Harp bases this retaliation claim upon the same facts as his access to the courts claim—that is, he argues that the contents of and his access to the prison law library are inadequate. But he does not allege that other prisoners are allowed more access or that defendants have specifically restricted *his* access. Thus, Harp has not shown that *his* access to the library was restricted *in response* to his lawsuit. Rather, he complains of currently existing policies that apply to all inmates. Thus, he has not established a prima facie case of retaliation on these facts. Harp next asserts that the alleged miscalculation of his parole date is retaliation for his filing of a lawsuit. But he has not alleged any facts in support of this contention. Thus, he has not shown that but for his filing a lawsuit, defendants would not have calculated his parole eligibility

date in the same manner. Thus, Harp has failed to establish a prima facie case of retaliation. Consequently, leave to amend is denied as futile.

Harp also seeks to add Unit Manager Ditmanson as a defendant. Defendants erroneously argue that "Unit Manager Ditmanson was [not] in any way related to [Harp's] original complaint." Docket 29. Although Harp did not include Ditmanson in the caption of his complaint, he did allege that "Unit Mgr. Ditmunson [sic] at SDSP Sioux Falls refused me diabetic socks ordered by drs. saying 'they cost too much.' " Docket 7, Count III. Although the court is required to "carefully consider" the joinder of defendants in prisoner cases, the joinder of Unit Manager Ditmanson as a defendant is appropriate here because Harp alleged that he was personally involved in denying him prescribed medical treatment. *See Warren v. Seabaugh*, No.11-0054, 2011 WL 5374663 at *5 (E.D. Mo. Nov. 8, 2011) (noting that court "should carefully consider joinder of defendants and claims in prisoner cases"); *see also Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999) (civil rights claimant must "allege facts supporting any individual defendant's personal involvement or responsibility for the violations"). Thus, Harp's motion to for leave to amend his complaint is granted in part and denied in part.

## II.   Harp's Motion for Court-Appointed Counsel

Harp also moves for court-appointed counsel. Harp argues that because of the inadequacies of the law library, both he and the court would benefit from the appointment of counsel to represent him. This court denied a

previous motion for court-appointed counsel as premature because the record was insufficiently developed to analyze whether the appointment of counsel would benefit both Harp and the court. Docket 10. Defendants argue that nothing has substantially changed since that order because the parties have not begun discovery, no motions have been filed, and no hearings have been scheduled. Docket 29 at 7-8.

"Indigent civil litigants do not have a constitutional or statutory right to appointed counsel." *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogation on other grounds recognized by Doe v. Cassel*, 403 F.3d 986 (8th Cir. 2005). Thus, "the trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel." *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996). The court should take into account the legal and factual complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim. *Id.* The record here is insufficiently developed to analyze whether there is conflicting testimony. At this point, the case does not appear to be legally or factually complex. Harp has demonstrated his ability to present his claim and investigate the facts. Thus, the appointment of counsel is unwarranted at this time and Harp's motion for court-appointed counsel is denied without prejudice to refiling.

### III. Motion for a Temporary Restraining Order

Harp next moves for a temporary restraining order and a preliminary injunction. He asserts that his parole eligibility date is being improperly calculated and asks that this court treat this claim as a condition of confinement claim. Docket 30 at 1. He also asks that this court order defendants to show cause why "Count 1 and Count 5 are now consecutive even though Trial Court did not sentence plaintiff to consecutive sentences." Docket 30-2 at ¶ 13. Defendants oppose Harp's motion.

Defendants argue that Harp's motion for a temporary restraining order should be denied because it is not related to the underlying complaint.[2] The purpose of preliminary relief, such as a temporary restraining order or preliminary injunction, is to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113, n.5 (8th Cir. 1981) (en banc). A plaintiff seeking injunctive relief "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *see also Ball v. Famiglio*, 396 Fed. App'x 836, 838 (3d Cir. 2010) (affirming the denial of a preliminary injunction to a prisoner who sought preliminary relief based on allegation that correctional officers assaulted her

---

[2] Because this argument suffices to deny Harp's motion, the court need not address defendants' argument that Harp failed to exhaust available administrative remedies.

where her complaint alleged deliberate indifference to medical needs). In *Devose,* the Eighth Circuit Court of Appeals affirmed denial of a request for a preliminary injunction where the requested relief relating to retaliatory conduct had nothing to do with the underlying § 1983 claim of inadequate medical treatment. *Id.* Harp's original complaint alleges claims of deliberate indifference to serious medical needs and failure to protect, both in violation of the Eighth Amendment. Docket 1, 7. The instant motion alleges that Harp's parole date has been improperly calculated, ostensibly in retaliation for the filing of this lawsuit. Docket 30, 31. The allegations are unrelated. Although the retaliation claim may support additional relief in a new case, it is not a basis for preliminary relief in this lawsuit.[3] Thus, Harp's motion for a temporary restraining order is denied. Therefore, it is

---

[3] Harp asks that this court treat his claim that his parole eligibility date has been improperly calculated as a condition of his confinement and allow him to seek relief under 42 U.S.C. § 1983. But "[w]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or *speedier release* from imprisonment, his sole remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (emphasis added); *see also Wilkinson v. Dotson*, 544 U.S. 74 (2005) (where success of prisoner's lawsuit does not necessarily spell speedier release, it does not lie at the "core" of habeas corpus and might be sustainable as a § 1983 claim). Harp claims that his parole date has been improperly calculated, extending his sentence. Thus, his argument is that he is entitled to "speedier release." Consequently, the court cannot allow him to seek this relief under § 1983. His sole remedy is habeas corpus. *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001) (state prisoner who sought to challenge the state's refusal to grant him parole could only challenge the parole decision through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254).

ORDERED that Harp's motion for leave to amend his complaint (Docket 27) is denied in part and granted in part. Harp is granted leave to add Unit Manager Keith Ditmanson as a defendant, but he may not add additional claims. Harp's amended complaint is due by **July 19, 2012**.

IT IS FURTHER ORDERED that Harp's motion for court-appointed counsel (Docket 27) is denied without prejudice.

IT IS FURTHER ORDERED that Harp's motion for a temporary restraining order (Docket 30) is denied.

Dated June 19, 2012.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE