FILED
JUL 23 2012

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

GEORGE HARP
    Plaintiff (Pro Se),

vs

Civ. No. 11-4149

**AMENDED COMPLAINT**
**(pursuant to 42**
**U.S.C.42 section 1983)/and**
**DEMAND FOR TRIAL BY JURY**

**SECRETARY OF CORRECTIONS, (D.O.C)**
Individually and in his official capacity;
**SOUTH DAKOTA PRISON MEDICAL**
**DEPARTMENT STAFF**
Individually and in their official capacity;
**ROBERT DOOLEY,** Warden Mike Durfee
State Prison, individually and in
official capacity;
**DR. EUGENE REGER,**
Under contract to South Dakota Department
of Health, Individually and his official capacity;
**DR MELVIN WALLINGA,** Under contract to South Dakota
Department of Health, Individually and his
official capacity;
**DOUGLAS WEBER,** Warden of
The South Dakota State
Penitentiary, individually and
In his official capacity; and
**KIETH DITMANSON,** D-Unit Manager South Dakota State of South
Dakota Penitentiary, Jameson Annex, Individually and in his
Official capacity.

    Defendants

    Comes now, George E. Harp (hereinafter Plaintiff) and represents to this Court pursuant to 42 U.S.C. section that above named Defendants while acting under color of state conspired to deprive Plaintiff of his civil rights, and violated Plaintiff's civil rights as guaranteed by the Eighth and Fourteenth Amendments.
    The Eighth Amendment forbids the intentional infliction of cruel and unusual punishment and is made applicable to the states by the Due Process Clause of the Fourteenth Amendment.
    On June 19, 2012, Plaintiff was granted leave by this Court to amend the original complaint, to add Defendant Keith Ditmanson as a named defendant. Said order granting leave to amend the original complaint being issued, signed, and filed with the

Office of the Clerk of Court, United States District Court, for South Dakota, Southern Division, by the Honorable Karen Schreier.

## PARTIES

Plaintiff is listing the parties in order to more specifically clarify to the Court and Defendant's counsel the name, title, and duties of each defendant to the best of Plaintiff's understanding. The Superintendent of the D.O.C. is in fact the Secretary of Corrections. Mike Durfee State Prison and the South Dakota State Penitentiary are not persons of purposes of 42 U.S.C. section 1983 and have been omitted.

1: Secretary of Corrections, The Secretary of Correction's name is unknown to Plaintiff. The Secretary of Corrections is charged with the oversight and administration of the penal institutions of the State of South Dakota. Included in this is the proper training and supervision of each penal institution's administrative staff including the wardens and dr.'s. The Secretary of Corrections is the creator and signer of D.O.C. Policy;

2: South Dakota Prison Medical Department Staff, Are in fact governed by the South Dakota Department of Health, as such they are governed by the Policies of the South Dakota D.O.C. The South Dakota Prison Medical Department Staff are responsible for the medical care and treatment prescribed by dr.'s contracted by the Department of Health and any dr. that prescribes treatment for an inmate;

3: Robert Dooley, Is the warden at the Mike Durfee State Prison, as such he is responsible for the training and supervision of the staff at the Mike Durfee State Prison. Robert Dooley has a duty to see that the inmates receive proper and humane treatment within the facility;

4: Douglas Weber, Is the warden at the South Dakota State Penitentiary and the Jameson Annex, where Plaintiff is confined. As such Douglas Weber, has a duty to administer the S.D.S.P. according to law, and to see the proper training of the staff. Douglas Weber has the further duty to oversee and supervise the staff and employees of the S.D.S.P. and any and all contract or civilian employees that work at the S.D.S.P. or Jameson Annex. Douglas Weber is entrusted with the proper, lawful and humane care and oversight of the inmates confined at the S.D.S.P. and Jameson Annex. Included seeing that prescribed medical treatment and medications are provided;

5: Dr. Eugene Regier, Is a contract employee of the Department of Health, as such he is required to provide proper medical care and treatment to the inmates of the S.D.S.P. and Jameson Annex.

Included overseeing the medical staff to assure the prescribed medicines and treatments are properly administered;

6: <u>Dr. Melvin Wallinga,</u> Is a contract employee of the Department of Health, as such he is required to provide medical care and treatment to the inmates confined at the Mike Durfee State Prison. Included overseeing the medical staff to assure that prescribed medicines and treatments are properly administered;

7: <u>Keith Ditmanson,</u> Is the D-Unit Manager at the Jameson Annex, of the S.D.S.P. Plaintiff is confined on D-Unit. Ditmanson is charged with the administration of the staff and inmates at D-Unit. Defendant Weber has through an Operations Memorandum authorized Unit Manager Ditmanson to practice medicine including the diagnosis, care and treatment for inmates.

## COMPLAINT

Plaintiff states that defendants while acting under color of state have subjected Plaintiff to treatment and conditions that violate the Eighth Amendment's prohibition of cruel and unusual punishment. Plaintiff has been denied medical treatment that was prescribed by physicians, and medications. The denial was pursuant to D.O.C. Policy.

Claim I:
Defendant Robert Dooley, allowed officers (names unknown) to assault and threaten Plaintiff while Plaintiff was incarcerated at the Mike Durfee State Prison.
The Penal institutions under the governance of the D.O.C. does not log receipt of Informal Resolution Requests or Requests for Administrative Remedies, when an inmate gives them to staff. Receipt is received through the mail if at all.
Plaintiff a 77 year old stroke survivor sent in both an Informal Resolution Request which was never receipted and an Administrative Remedy Request both were ignored by Unit Staff and Defendant Dooley.
The assault and threats by the correctional officers caused great pain and suffering. Plaintiff was in constant fear which caused great stress. Plaintiff's serious medical condition was worsened by this stress. Defendant Dooley's failure to respond violates the Eighth Amendment.

Claim II
Defendant Dr. Melvin Wallinga, showed a deliberate indifference to Plaintiff's serious medical needs by refusing to allow Plaintiff to receive medications that had been prescribed by outside physicians.
Defendant Dr. Wallinga stated to Plaintiff that the medications were needed, but D.O.C. Policy did not allow him to prescribe them.

Defendant Dr. Wallinga later did prescribe some for Plaintiff.

Defendants Secretary of Corrections and Robert Dooley, have shown a deliberate indifference to Plaintiff's serious medical needs by creating policy and procedure that interferes with and denies needed medications and medical treatment. This interference with and denial of medical treatment for a serious medical condition, caused a serious risk to Plaintiff's health in violation of the Eighth Amendment.

Defendant Secretary of Corrections pursuant to S.D.C.L. 1-15-20 is authorized to create policy without restriction.

Claim III
The South Dakota State Prison Medical Department Staff, denied medications to Plaintiff that were prescribed by a physician on more than one occasion. The medications were for serious medical conditions, and the denial caused great pain and created a serious risk to Plaintiff's health.

D.O.C. Policy required the denial of these medications.

Claim IV
Plaintiff suffers from deep rein thrombosis (sp?) DVT. DVT is a condition directly affected by poor circulation.

Plaintiff also suffers from neurophy (sp?) a condition that is attributable to poor circulation. Neurophy is a serious condition caused by diabetes or in Plaintiff's case a stroke. Both DVT and neurophy cause severe pain and are worsened by any restriction of blood circulation in the feet and lower legs.

The elastic tops in the socks given to the general population restricts the circulation of blood to the feet.

Diabetic socks by virtue of the design, manufacturing process and materials used in manufacturing them are much less restrictive of the blood circulation to the feet.

Defendant Keith Ditmanson, D-Unit Manager was informed by Nurse Jessica _____, (last name unknown) that the Dr.'s said to order diabetic socks for Plaintiff. Defendant refused citing the cost.

Defendant Weber authorized this denial pursuant to an Operations Memorandum.

DVT and neurophy are serious medical conditions and interfering with treatment creates a risk of amputation.

Claim V
Defendant Dr. Eugene Regier, denied Plaintiff medications prescribed to Plaintiff by the physicians at the Pain Clinic a part of Sanford Hospital and the physicians at Avera MeKennon Hospital. After extensive testing these specialists prescribed dilanded, oxycotten (sp?) and valium. Them medications were taken from Plaintiff upon his arrival at the S.D.S.P., Jameson Annex pursuant to D.O.C. Policy.

Defendant Regier discontinued these medications without any examination of Plaintiff. This left Plaintiff in excruciating

pain and the sudden discontinuation of the medications created a serious risk of stroke and death to Plaintiff. This should be evident to any physician.

Upon Plaintiff being returned to the S.D.S.P., Jameson Annex from the Mike Durfee State Prison, where Dr. Wallinga had finally prescribed some to Plaintiff. Defendant Regier discontinued the same without ever examining Plaintiff. Again D.O.C. Policy was cited.

Plaintiff was taken from the Jameson Annex to the hospital due to muscle spasms in his leg and thigh. The physician prescribed hydrocodone (sp?) a medication to assist in the healing process of the torn muscles resulting from the muscle spasms again Defendant Regier discontinued this medication.

Defendant Regier has prevented Plaintiff from the follow up appointments with the specialists that have treated Plaintiff in that he refuses to schedule them.

This is an interference with prescribed medical treatment of a serious medical condition and creates a serious risk to Plaintiffs health.

## SUMMARY

In each claim defendants acted under color of state. Their acts show a deliberate indifference to Plaintiff's serious medical conditions a serious risk to Plaintiff's health and possible stroke or death.

Defendant's deliberate inference with prescribed medications and treatment violate Plaintiff's rights guaranteed under the Eighth Amendment's prohibition of cruel and unusual punishment.

Plaintiff has exhausted all available administrative remedies. The Secretary of Corrections has created policy that bars Plaintiff from appealing to the Secretary of Corrections on any of these issues.

Likewise every Informal Resolution Request placed in the D-Unit Coordinator's box has been ignored. Administrative Remedy Requests are also ignored. They are not logged when placed in the Unit Staff Mailbox.

This is the same at Mike Durfee State Prison.

Plaintiff demands a jury trial on each issue of fact relating to these claims.

## REMEDY

Wherefore Plaintiff prays this Court:
1) Schedule discovery including production of documents, interrogatories and admissions;
2) Appoint counsel to assist Plaintiff in the discovery process and preparation for jury trial;
3) Alternately allow Plaintiff more access to the legal library and the inmate that is assisting Plaintiff;
4) Set a date for a jury trial;

5) Order injunctive relief including limiting D.O.C. Policy making authority in regards to issues that are related to any aspect of inmate health and physical well being;
6) Grant punitive damages in an amount to be determined by a jury if a finding is made in favor of Plaintiff; and
7) What other relief the Court deems equitable.

Respectfully,

*George E. Harp #54099*
George E. Harp #54099

Sworn and subscribed to under penalty of perjury on the 19 Day of July, 2012.

*[signature]*
Notary Public

TROY ELLIS
NOTARY PUBLIC
SOUTH DAKOTA

My Commission expires: 3-17-17

CERTIFICATE OF MAILING

    I, George E. Harp, Plaintiff mailed a true and correct copy of enclosed Amended Complaint (pursuant to 42 U.S.C. section 1983) and Demand for Jury Trial, by giving the same to D-Unit Staff to be placed in the inmate legal mail to be mailed to:

Matt Roby
Office of State
Attorney General
500 East Capital Ave.
Pierre, S.D. 57501


*George E. Harp* #54099
George E. Harp #54099