UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| GEORGE HARP, | ) | Civ. 11-4149-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SECRETARY OF CORRECTIONS, (D.O.C), Individually and in his official capacity; SOUTH DAKOTA PRISON MEDICAL DEPARTMENT STAFF, Individually and in their official capacity; ROBERT DOOLEY, Warden Mike Durfee State Prison, individually and in official capacity; DR. EUGENE REGIER, Under contract to South Dakota Department of Health, Individually and his official capacity; DR MELVIN WALLINGA, Under contract to South Dakota Department of Health, Individually and his official capacity; DOUGLAS WEBER, Warden of The South Dakota State Penitentiary, individually and In his official capacity; and KEITH DITMANSON, D-Unit Manager South Dakota State of South Dakota Penitentiary, Jameson Annex, Individually and in his Official capacity, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL |
| Defendants. | ) ) | |

Plaintiff, George Harp, is an inmate at Mike Durfee State Prison (MDSP) in Springfield, South Dakota.[1] On October 18, 2011, and again on January 3, 2012, plaintiff filed a pro se civil rights lawsuit pursuant to 42 U.S.C. § 1983, alleging that defendants subjected him to cruel and unusual conditions, failed to protect him from violence, and acted with deliberate indifference toward his serious medical needs, all in violation of the Eighth Amendment. Docket 1, 7.

The court screened Harp's complaint pursuant to 28 U.S.C. § 1915 and dismissed one of his three claims for failure to exhaust administrative remedies. Docket 10. Defendants answered, denied all claims against them, and asserted various affirmative defenses. Docket 18, 23. On June 19, 2012, the court granted Harp leave to amend his complaint to add Unit Manager Keith Ditmanson as a defendant. Docket 34. Harp filed an amended complaint on July 23, 2012, and added Ditmanson as a defendant. Docket 36. Harp also provided additional information regarding each of his remaining claims. *Id.* Once again, the defendants answered, denying all claims against them and reasserting various affirmative defenses. Docket 41.

---

[1] Harp was transferred from MDSP to the South Dakota State Penitentiary (SDSP) in Sioux Falls, South Dakota, on October 20, 2011. Docket 4. On January 22, 2013, the court received notice that Harp had returned to MDSP. Docket 55. At issue in this case are claims against both institutions.

Defendants now move for summary judgment. Docket 43. Harp has filed objections to the motion for summary judgment (Docket 49), and defendants have responded to Harp's objections (Docket 52). The court has considered the arguments of each party, and for the reasons set forth herein, the court grants in part and denies in part defendants' motion for summary judgment.

**FACTUAL BACKGROUND**

In the light most favorable to Harp, the facts are as follows:

Harp is an inmate in the custody of the South Dakota Department of Corrections (DOC). Docket 44 at ¶ 1; Docket 49 at ¶ 1. Harp has been incarcerated at both MDSP and SDSP. Docket 44 at ¶ 1; Docket 49 at ¶ 1. At issue in this case is alleged conduct that occurred at both facilities. According to Harp, defendant Dooley allowed prison officials at MDSP to assault and threaten Harp, thus violating his Eighth Amendment right to be free from cruel and unusual punishment. Docket 7 at 4; Docket 44 at ¶ 2; Docket 49 at ¶ 2. Furthermore, Harp claims that defendants Dr. Regier, Dr. Wallinga, and Unit Manager Ditmanson have refused him access to his prescribed medications and are thus in violation of the Eighth Amendment for acting with deliberate indifference toward his serious medical needs. Docket 7 at 6; Docket 44 at ¶ 2; Docket 49 at ¶ 2.

Defendants argue that they are entitled to summary judgment on all claims due to Harp's failure to exhaust administrative remedies prior to filing

3

this lawsuit. Docket 43. As defendants have established and Harp does not dispute, prior to filing a lawsuit,

> [t]he administrative remedy policy implemented by the DOC and followed by both the South Dakota State Penitentiary and Mike Durfee State Prison requires that an inmate follow a two-step process to present complaints concerning the application of any administrative directive, policy, unit rule, or procedure. First, the inmate must file an Informal Resolution Request. Second, if the issue is not resolved, the inmate must, within five days of the Informal Resolution Request response, file a Request for Administrative Remedy. For certain issues, inmates are also able to appeal to the Secretary of Corrections.

Docket 44 at ¶ 11; Docket 46 at ¶ 5; Docket 49 at ¶ 11.

According to Harp, however, although this policy exists, it is not practiced by Unit Staff at either MDSP or SDSP. Docket 49 at ¶ 11. In his response to defendants' motion for summary judgment, Harp insists that he attempted to utilize the administrative remedy procedure at both facilities, but his concerns were not addressed. More specifically, Harp asserts that he "filed an Informal Resolution Request on each issue raised herein except the issue of the beating and threats by staff at the Mike Durfee State Prison."[2] Docket 49

---

[2] In his original complaint, Harp admitted that he did not exhaust administrative remedies with regard to each of his claims, and during the initial screening of Harp's complaint, the court dismissed one of his three claims on such grounds. Docket 10. The court allowed Harp's two remaining claims to proceed, however, due to the reasons Harp provided for failing to exhaust administrative remedies. *Id.* More specifically, with regard to the claim that prison officials at MDSP assaulted and threatened him, Harp indicated that, although he submitted a request for administrative relief, he did not appeal the request for relief to the highest level because he was refused access to do so. *Id.* at 4. With regard to Harp's claim that defendants Dr. Regier,

4

at ¶ 12. Harp submitted these requests by placing each "under the appropriate Unit Stff [sic] Member's door." *Id.* "When not responded to in a timely manner, [Harp] considered the request for informal resolution denied on each issue, and filed the appropriate Request for Administrative Remedy by placing same in the Unit Mail Box." *Id.* Harp, however, never received a response to his complaints. *Id.*

## STANDARD OF REVIEW

"Summary judgment is appropriate when the evidence,[3] viewed in a light most favorable to the non-moving party, demonstrates that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law." *Clark v. Kellogg, Co.*, 205 F.3d 1079, 1082 (8th Cir. 2000); *see also* Fed. R. Civ. P. 56(a). "Once the motion for summary judgment is made and supported, it places an affirmative burden on the non-moving party to go beyond the pleadings and by affidavit or otherwise designate specific facts showing that there is a genuine issue for trial." *Commercial Union Ins. Co. v. Schmidt*, 967 F.2d 270, 271 (8th Cir. 1992) (internal quotations and citations omitted). "Only disputes over facts that might affect the outcome of the suit

---

Dr. Wallinga, and Unit Manager Ditmanson refused him access to prescribed medication, Harp indicated that he did not submit a request for administrative relief because the "same people handle remedy that do accused acts." *Id.* at 6.

[3] The evidence includes the depositions, documents, electronically stored information, stipulations, answers to interrogatories, admissions, and affidavits. Fed. R. Civ. P. 56(c).

5

under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Although "the court is required to . . . give [the nonmoving] party the benefit of all reasonable inferences to be drawn from the underlying facts," *Vette Co. v. Aetna Cas. & Sur. Co.*, 612 F.2d 1076, 1077 (8th Cir. 1980), the nonmoving party may not "rest upon mere denials or allegations." *Forrest v. Kraft Foods, Inc.*, 285 F.3d 688, 691 (8th Cir. 2002). Instead, the nonmoving party must "set forth specific facts sufficient to raise a genuine issue for trial." *Id.*

Prisoners who proceed pro se are entitled to the benefit of liberal construction at the pleading stage. *Quam v. Minnehaha Cnty. Jail*, 821 F.2d 522, 522 (8th Cir. 1987). Nonetheless, the summary judgment standard set forth in Rule 56 of the Federal Rules of Civil Procedure remains applicable to prisoners proceeding pro se. *Id.* The district court is not required to "plumb the record in order to find a genuine issue of material fact." *Barge v. Anheuser-Busch, Inc.*, 87 F.3d 256, 260 (8th Cir. 1996). Moreover, the court is not "required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *Id.* Courts must remain sensitive, however, "to the special problems faced by prisoners attempting to proceed pro se in vindicating their constitutional rights, and [the Eighth Circuit does] not approve summary dismissal of such

pro se claims without regard for these special problems." *Nickens v. White*, 622 F.2d 967, 971 (8th Cir. 1980).

**DISCUSSION**

Defendants assert that Harp's remaining claims must be dismissed for failure to exhaust administrative remedies. Docket 43. With regard to Harp's claim related to alleged threats and abuse, defendants assert that Harp has admitted that he failed to exhaust administrative remedies; and with regard to Harp's claim related to defendants' alleged indifference toward Harp's serious medical needs, defendants assert that Harp's subjective belief that pursuing administrative remedies would be futile does not excuse him from fulfilling the requirement that prisoners must exhaust administrative remedies before filing a lawsuit. Docket 45. Accordingly, defendants assert that they are entitled to summary judgment as a matter of law. *Id.* Harp objects to defendants' assertion that he failed to exhaust administrative remedies prior to filing this lawsuit, and insists that his attempts were ignored by defendants. Docket 49.

**I.    Prisoners Must Exhaust Administrative Remedies Before Filing a Lawsuit.**

Under the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Therefore, so long as prison officials are not preventing an inmate from

7

exhausting administrative remedies, *Lyon v. Vande Krol*, 305 F.3d 806, 808 (8th Cir. 2002), an inmate must exhaust administrative remedies prior to filing a lawsuit, *Booth v. Churner*, 532 U.S. 731, 739 (2001). The purpose of the exhaustion requirement is to afford corrections officials the opportunity to address inmate complaints internally before such matters are litigated. "In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

> To satisfy the PLRA's exhaustion requirement, prisoners must
>
> complete the administrative review process in accordance with the applicable procedural rules–rules that are defined not by the PLRA, but by the prison grievance process itself. Compliance with the prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Jones v. Bock*, 549 U.S. 199, 218 (2007).

As established in detail above, the South Dakota DOC requires that, prior to filing a lawsuit, an inmate must follow a two-step process. Docket 44 at ¶ 11; Docket 46 at ¶ 5; Docket 49 at ¶ 11. "First, the inmate must file an Informal Resolution Request." Docket 44 at ¶ 11; Docket 46 at ¶ 5; Docket 49 at ¶ 11. "Second, if the issue is not resolved, the inmate must, within five days of the Informal Resolution Request response, file a Request for Administrative

Remedy." Docket 44 at ¶ 11; Docket 46 at ¶ 5; Docket 49 at ¶ 11. MDSP and SDSP follow this grievance procedure. Docket 44 at ¶ 11; Docket 49 at ¶ 11.

### A. Harp has not demonstrated that he exhausted administrative remedies prior to claiming herein that defendants threatened and assaulted him while he was incarcerated at MDSP.

In his original complaint, Harp asserted that he did not appeal his request for administrative relief with regard to the accusation that defendants threatened and assaulted him. Docket 7 at 4. According to Harp, he did not do so because he was "refused process."[4] *Id.* In his response to defendants' motion for summary judgment, however, Harp admits that he "filed an Informal Resolution Request on each issue raised herein *except the issue of the beating and threats by staff at the Mike Durfee State Prison as previously stated*." Docket 49 at ¶ 12 (emphasis added).

The PLRA requires that prisoners comply with prison grievance procedures prior to filing a lawsuit. *Jones*, 549 U.S. at 218. The prison grievance procedure at both MDSP and SDSP, according to the SDDOC, involves a two-step process and requires that a prisoner file an informal

---

[4] In his amended complaint, Harp asserted that he submitted both an Informal Resolution Request and an Administrative Remedy Request, but "both were ignored by Unit Staff." Docket 36 at 3. The court, however, did not grant Harp permission to amend his complaint in this manner. Docket 34. Harp was only granted permission to amend his complaint to add a defendant, and he was expressly denied permission to add additional claims. *Id.* The court therefore will not consider information contained in Harp's amended complaint that addresses the exhaustion of administrative remedies.

9

resolution request prior to seeking an administrative remedy. Docket 44 at ¶ 11; Docket 46 at ¶ 5; Docket 49 at ¶ 11. By Harp's own admission, he did not file an informal resolution request with regard to his allegation that defendants threatened and assaulted him.[5] The court therefore finds that Harp did not exhaust administrative remedies with regard to this claim prior to filing this lawsuit. *See Johnson*, 340 F.3d at 627 ("Under the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court." (emphasis in original)). In accordance with the PLRA and applicable case law, defendants are entitled to summary judgment as a matter of law.

> **B. Harp exhausted all available administrative remedies prior to claiming herein that defendants acted with deliberate indifference toward his serious medical needs.**

In his original complaint, Harp asserted that he did not submit a request for administrative relief with regard to defendants' deliberate indifference toward his serious medical needs. Docket 7 at 6. According to Harp, he did not do so because the "same people handle remedy that do

---

[5] This admission is not inconsistent with Harp's original complaint. Docket 7 at 4. The form with which Harp submitted his original complaint only inquires about whether the prisoner submitted a request for administrative relief, which is the second phase of the two-step grievance procedure used at MDSP. *Id.*; Docket 44 at ¶ 11; Docket 46 at ¶ 5; Docket 49 at ¶ 11.

accused acts."⁶ *Id.* In his response to defendants' motion for summary judgment, however, Harp objected to defendants' assertion that he failed to exhaust administrative remedies. Docket 49 at ¶ 12. Instead, Harp insisted that he did, in fact, file an Informal Resolution Request and Administrative Remedy, but that both attempts were ignored. *Id.*

Resolving all disputes in favor of the nonmoving party, the court finds that Harp satisfied the PLRA's exhaustion requirement. The Eighth Circuit has held that "a remedy that prison officials prevent a prisoner from utilizing is not an 'available' remedy under § 1997e(a)." *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001). If Harp's attempts at filing informal resolution requests and administrative remedy requests were, in fact, ignored by defendants, then those remedies were not actually available to Harp for purposes of exhaustion. Although Harp's only evidence of these alleged requests are his own statements to that effect, the court finds such evidence is sufficient to raise a genuine issue of material fact under the circumstances.⁷ *See Nickens*, 622

---

⁶ In his amended complaint, Harp asserted that he submitted both an Informal Resolution Request and an Administrative Remedy Request, but both were ignored. Docket 36 at 5. Again, because Harp did not receive permission to amend his complaint in this manner, the court will not consider information contained in Harp's amended complaint that addresses the exhaustion of administrative remedies.

⁷ Assuming that Harp submitted informal and administrative requests that were eventually misplaced or ignored by prison officials, the court concludes that such documents would be unavailable for use as evidence in support of Harp's assertion that he exhausted administrative remedies. Given

11

F.2d at 971 (stating that "courts must be sensitive to the special problems faced by prisoners attempting to proceed pro se in vindicating their constitutional rights, and [the Eighth Circuit does] not approve summary dismissal of such pro se claims without regard for these special problems."). Accordingly, defendants are not entitled to summary judgment on this claim.

## II. Harp's Motion to Appoint Counsel Is Denied.

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). In determining whether to appoint counsel to a pro se litigant's civil case, the district court considers the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the indigent's ability to present his claim. *Id.* In this case, the facts and the law applicable to Harp's remaining claim are not complex. Harp appears able to adequately present his remaining § 1983 claim, and his Motion to Appoint Counsel (Docket 51) is therefore denied.

## CONCLUSION

Because Harp did not exhaust administrative remedies with regard to his claim that officials at MDSP threatened and assaulted him, defendants are entitled to summary judgment on that claim. With regard to Harp's claim that

---

his limited access to resources at either MDSP or SDSP, the court also assumes that Harp did not have the opportunity or ability to make copies of each of his informal and administrative requests prior to submitting the same.

12

defendants acted with deliberate indifference toward his serious medical needs, however, the court finds that a question of fact exists as to whether he did exhaust all available administrative remedies prior to filing the lawsuit in question. Consequently, defendants are not entitled to summary judgment on that claim.

Accordingly, it is

ORDERED that defendants' motion for summary judgment (Docket 43) is granted in part and denied in part.

IT IS FURTHER ORDERED that defendants are entitled to summary judgment in their favor on Harp's claim regarding alleged threats and assaults.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel (Docket 51) is denied.

Dated January 31, 2013.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE